FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAXINE O.,[1]

                              Plaintiff,

        v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

                              Defendant.

No.    4: 23-cv-005033-EFS

**ORDER REVERSING THE ALJ'S DENIAL OF BENEFITS, AND REMANDING FOR PAYMENT OF BENEFITS**

Due to degenerative disc disease in the back and neck, a left knee impairment, chronic pain syndrome, migraines, major depressive disorder, and anxiety, Plaintiff Maxine O. claims she is unable to work fulltime and applied for social-security benefits. She appeals the denial of benefits by the Administrative Law Judge (ALJ) on the grounds that the ALJ improperly analyzed the opinions of the evaluating medical source, ARNP Benton, and the medical advisor, Dr. Gaeta,

---

[1] For privacy reasons, Plaintiff is referred to by first name and last initial or as "Plaintiff." *See* LCivR 5.2(c).

DISPOSITIVE ORDER - 1

1 who testified at hearing. As is explained below, the ALJ erred. This matter is

2 remanded for payment of benefits.

### I.    Background

4    In 2020, Plaintiff filed applications for benefits under Title 2, claiming

5 disability beginning October 16, 2019, based on the physical and mental

6 impairments noted above.[2]

7    After the agency denied Plaintiff benefits, ALJ Ruth held a telephone

8 hearing in July 2021, at which Plaintiff, a medical expert, and a vocational expert

9 testified.[3] Plaintiff testified that the main reason she could not work is her back

10 pain and the second reason is her neck pain. She also said she had problems with

11 carpal tunnel syndrome and with plantar fasciitis and that for the last eleven

12 months she had extreme vomiting and had lost seventy pounds. [4] She testified that

13 she has shooting pain in her back that radiates into her legs and that she had the

14 nerves in her back surgically burned (radiofrequency ablation) but they grew back

15 and her pain returned. She said that her only remaining option is surgery, but she

16 is trying to avoid it.[5] She stated that she lays in bed for half an hour after taking

17 her medication and that she takes a low dose narcotic and a muscle relaxer that

18

19
[2] AR 200-202.

20
[3] AR 39-87.

21
[4] AR 64-65.

22
[5] AR 66.

23

1    allow her to complete her daily chores but make her tired.[6]. She said that she can

2    stand for fifteen minutes, walk for a block, and that she has to take a break and lie

3    down during the day in order to get relief from her pain.[7] She said that she uses a

4    cane sometimes and that she did not have to ask for one to be prescribed because

5    she inherited one.[8]

6        After the hearing, the ALJ issued a decision denying benefits.[9] The ALJ

7    found Plaintiff's alleged symptoms were not entirely consistent with the medical

8    evidence and the other evidence.[10] As to medical opinions: the ALJ found:

9        • The reviewing testimony of Dr. Joseph Gaeta to be persuasive.

10       • The opinions of state agency evaluator Dr. Bruce Eather to be

11          persuasive.

12       • The opinions of state agency evaluator Dr. Charles Wolfe to be

13          persuasive.

14       • Portions of the opinions of consultative examiner Dr. David Morgan's

15          opinion somewhat persuasive and other portions not persuasive.

16

17

[6] AR 66-67.

18

[7] AR 67-68.

19

[8] AR 68-69.

20

[9] AR 19-38. Per 20 C.F.R. §§ 404.1520(a)–(g), a five-step evaluation determines

21 whether a claimant is disabled.

22

[10] AR 28-29.

23

- the treating opinions of Nurse Practitioner Yolanda Lara to be persuasive.[11]
- The opinions of consultative examiner ARNP Lisa Benton partially persuasive.[12]

As to the sequential disability analysis, the ALJ found:

- Plaintiff met the insured status requirements through December 31, 2024.
- Step one: Plaintiff had not engaged in substantial gainful activity since October 16, 2019, the alleged onset date.
- Step two: Plaintiff had the following medically determinable severe impairments: cervical and lumbar degenerative disc disease; left knee impairment; chronic pain syndrome; migraines; obesity; and mental impairments variously diagnosed as a major depressive disorder and anxiety.
- Step three: Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.

---

[11] NP Lara did not render any opinion but stated that she was unable to render one without consulting her supervising physician. The ALJ treated her doing so as a statement of nondisability.

[12] AR 30-31.

DISPOSITIVE ORDER - 4

- RFC: Plaintiff had the RFC to:

  lift 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can sit for at least six hours in an eight-hour workday with normal breaks. [Plaintiff] can stand or walk for six hours in an eight-hour workday with normal breaks. [Plaintiff] can never climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally climb ramps or stairs. [Plaintiff] can occasionally balance, stoop, kneel, crouch, and crawl. [Plaintiff] can occasionally operate foot controls. [Plaintiff] should avoid concentrated exposure to excessive vibration, to unprotected heights, and to dangerous, moving machinery, for example, machinery with an unshielded blade. [Plaintiff] can work in an environment with a moderate noise level, described as somewhere with the noise intensity level of a business office, grocery store, department store, or somewhere with light traffic noise. [Plaintiff] can perform simple, routine tasks and make simple, work-related decisions.

- Step four: Plaintiff was not capable of performing past relevant work.

- Step five: considering Plaintiff's RFC, age, education, and work history, Plaintiff could perform work that existed in significant numbers in the national economy, such as marker (DOT 209.587-034), housekeeper cleaner (DOT 323.687-014), and accessories assembler (DOT 729.687-010).[13]

Plaintiff timely requested review of the ALJ's decision by the Appeals Council and now this Court.[14]

---

[13] AR 25-34.

[14] AR 197.

1

## II.    Standard of Review

2

The ALJ's decision is reversed "only if it is not supported by substantial

3

evidence or is based on legal error,"[15] and such error impacted the nondisability

4

determination.[16] Substantial evidence is "more than a mere scintilla but less than a

5

preponderance; it is such relevant evidence as a reasonable mind might accept as

6

adequate to support a conclusion."[17]

7

8

9

10

_____

11

[15] *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). *See* 42 U.S.C. § 405(g);

12

[16] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ), *superseded on other*

13

*grounds by* 20 C.F.R. § 416.920(a) (recognizing that the court may not reverse an

14

ALJ decision due to a harmless error—one that "is inconsequential to the ultimate

15

nondisability determination").

16

[17] *Hill*, 698 F.3d at 1159 (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.

17

1997)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (The

18

court "must consider the entire record as a whole, weighing both the evidence that

19

supports and the evidence that detracts from the Commissioner's conclusion," not

20

simply the evidence cited by the ALJ or the parties.) (cleaned up); *Black v. Apfel*,

21

143 F.3d 383, 386 (8th Cir. 1998) ("An ALJ's failure to cite specific evidence does

22

not indicate that such evidence was not considered[.]").

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## III.    Analysis

Plaintiff argues the ALJ erred in her evaluation of the medical opinion of the consultative examiner, ARNP Benson, who opined that Plaintiff was limited to work at the sedentary level of exertion. The Commissioner argues that the ALJ properly found the opinions of the medical expert, Dr. Gaeta, that Plaintiff was able to perform work at the light level of exertion to be persuasive because Dr. Gaeta was able to review the entire medical file.  The Court disagrees with the Commissioner. As is explained below, the ALJ's analysis contains consequential error.

**A.    Medical Opinions: Plaintiff established consequential error.**

Plaintiff argues the ALJ failed to fully incorporate ARNP Benton's opinion into the RFC. As discussed below, the ALJ erred as to her evaluation of the opinions of ARNP Benton and Dr. Gaeta.[18]

1.    <u>Standard</u>

An ALJ must consider and evaluate the persuasiveness of all medical opinions.[19] The ALJ need not however "give any specific evidentiary weight . . . to

---

[18] An ALJ must consider and articulate how persuasive she found each medical opinion, including whether the medical opinion was consistent with and supported by the record. 20 C.F.R. § 404,1520c(a)–(c); *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

[19] 20 C.F.R. § 404.1520c(a).

DISPOSITIVE ORDER - 7

any medical opinion(s)."[20] The factors for evaluating the persuasiveness of medical opinions include, but are not limited to, supportability, consistency, relationship with the claimant, and specialization.[21] Supportability and consistency are the most important factors, and the ALJ is required to explain how both of these factors were considered:[22]

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.[23]

---

[20] Revisions to Rules, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 404.1520c(a).

[21] *Id.* § 404.1520c(c)(1)-(5). When assessing the medical source's relationship with the claimant, the ALJ is to consider the treatment length, frequency, purpose, and extent, and whether an examination was conducted. The ALJ may also consider whether the medical source has familiarity with the other record evidence or an understanding of the disability program's policies and evidentiary requirements.

[22] *Id.* § 404.1520c(b)(2).

[23] *Id.* § 404.1520c(c)(1)-(2).

1  Typically, the ALJ may, but is not required to, explain how the other factors were

2  considered.[24]

3      2.    ARNP Benton

4  On August 28, 2021, ARNP Benton performed a physical evaluation of

5  Plaintiff at the request of the Commissioner. [25] ARNP Benton diagnosed Plaintiff

6  with chronic pain syndrome, migraine headaches, GERD, bursitis, degenerative

7  joint disease, and sciatica and opined that Plaintiff was limited in the following

8  activities: Could lift up to ten pounds occasionally and frequently, could stand or

9  walk for thirty minutes at a time, could sit for eight hours in a day, could stand for

10  two hours in a day, could walk for one hour in a day, could occasionally push and

11  pull or reach bilaterally, could frequently operate a foot control on the right and

12  occasionally operate a foot control on the left, could never climb ladders, ropes or

13  scaffolds, could frequently balance and could occasionally climb ramps and stairs,

14  stoop, kneel, crouch or crawl.[26] ARNP Benton opined that crouching and stooping

---

[24] *Id.* § 404.1520c(b)(2). When two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. *Id.* § 404.1520c(b)(3).

[25] AR 702.

[26] AR 695-698 .

were limited to five minutes at one time with breaks.[27] ARNP Benton opined that working at heights and around heavy machinery are limited to two minutes in an eight-hour day.[28]

The ALJ discounted ARNP Benton's opinions because 1) the ALJ found the objective medical findings did not support a reduction to sedentary work, 2) the objective medical findings did not support the manipulative limitations to which ARNP Benton opined, 3) despite a significant history of treatment for chronic pain Plaintiff had recently admitted to jogging, and 4) it was inconsistent with the opinion of the medical expert who testified at hearing that Plaintiff was capable of performing light work.[29]

> **a.**     *The ALJ failed to meaningfully analyze whether ARNP Benton's opinion was supported by the evidence.*

ARNP Benton stated that her opinion regarding a limitation in standing and walking—and recommendation that Plaintiff be limited to sedentary work—was based upon her physical examination of Plaintiff and on the slightly antalgic gait noted at examination.[30] The ALJ found this opinion unpersuasive, making a conclusory statement that she did not find that the objective medical findings

---

[27] AR 693.

[28] AR 693.

[29] AR 31-32.

[30] AR 693.

1    supported a reduction to sedentary work but the ALJ did not reference any record

2    or objective evidence. The ALJ's failure to do so results in consequential error here

3    on this record.

4         ARNP Benton rendered her opinions in two separate formats, both in

5    written narrative and in a check-box format. ARNP Benton explained that the

6    opined limitations as to standing and walking were based on her examination,

7    Plaintiff's history of chronic pain treatment, the objective MRI report indicating

8    degenerative disc disease, and Plaintiff's antalgic gait.[31] ARNP Benton also noted

9    on examination that Plaintiff presented with a knee brace on her left leg, and that

10   she was unable to bend.[32] Additionally, Plaintiff required assistance to climb onto

11   the examination table.[33] Based on this record, ARNP Benton's opinions are

12   supported by her findings on examination and explained both in her narrative

13   report and in the hand-written notes made on the check-box form.

14        Yet, the ALJ failed to address any specific findings made by ARNP Benton

15   and instead summarily stated that her reading of the objective medical evidence

16   differed from that of ARNP Benton. Thus, the ALJ failed to articulate any of her

17   findings regarding the supportability factor of 20 C.F.R. § 404.1520c as mandated

18   by the regulation.

19

20   _____

[31] AR 693, 695.

21
[32] AR 691.

22
[33] AR 691.

23

1   Similarly, with regard to manipulative limitations, ARNP Benton explained

2   that reaching, particularly overhead reaching, was limited due to pain.[34] On

3   examination, ARNP Benton noted bilateral tenderness across the upper trapezium

4   and the tops of the shoulders.[35]  She also noted that Plaintiff reported pain with

5   overhead reaching.[36] The ALJ failed to address ARNP Benton's findings on

6   physical examination and failed to provide any meaningful analysis of the

7   supportability factor as to ARNP Benton's opinion regarding reaching.

8       b.   *The ALJ's finding that ARNP Benton's opinions are inconsistent*

9            *with the record is not supported by substantial evidence.*

10   Whether a medical opinion is consistent with the longitudinal record—

11   including Plaintiff's reported symptoms or the medical findings and observations—

12   is a factor the ALJ must consider.[37] The consistency inquiry is not simply a

13   comparison of the opinions given by medical sources. It is a comparison of the

14   medical opinion in question to "*evidence* from other medical sources and

15   nonmedical sources."[38]

16

17

---

18   [34] AR 693, 697.

19   [35] AR 692.

20   [36] AR 697.

21   [37] 20 C.F.R. § 404.1520c(b)(2).

22   [38] 20 C.F.R. § 404.1520c(c)(1) (emphasis added).

23

DISPOSITIVE ORDER - 12

1    The ALJ articulated two reasons why she found ARNP Benton's opinions to

2    be inconsistent with the overall record: 1) Plaintiff's recent admission to jogging,

3    and 2) they were inconsistent with Dr. Gaeta's medical opinion.[39] The Court

4    concludes that the ALJ's reasoning that ARNP Benton's opinions are inconsistent

5    with the overall record is flawed. In addition, the ALJ failed to appreciate that

6    ARNP Benton's checkbox form and narrative were consistent with each other.[40]

7        First, as to Plaintiff's recent admission to jogging, the ALJ took a one-time

8    statement by Plaintiff that her pain is worsened by jogging and considered it

9    singularly without considering it in the context of Plaintiff's "significant history of

10   treatment for chronic pain."[41] Plaintiff has undergone MRI testing which indicated

11   a disc bulge at C3-4 with moderate left-side stenosis, moderate disc bulges at C5-7

12   with moderate canal stenosis and moderate bilateral foraminal stenosis, and

13   degeneration of the L4-5 and L5-S1 levels with posterior disc protrusion and disc

14   height loss.[42] Plaintiff has been prescribed muscle relaxers and narcotic medication

15   to alleviate her pain and has undergone epidural block injections.[43] Plaintiff's

16

17

---

18   [39] AR 32.

19   [40] AR 31.

20   [41] AR 32.

21   [42] AR 477-478.

22   [43] AR 482-484.

23

1   narcotic medication was noted to have a morphine equivalence of 30 mg.[44] The

2   ALJ's conclusory finding fails to adequately explain why the ALJ found these

3   imaging results inconsistent with ARNP Benton's opined sedentary-work

4   limitation.[45]

5        In addition to the ALJ's error in considering Plaintiff's statement that

6   jogging increased her pain without considering it in the context of the record as a

7   whole, a reading of the office notes from the visit in which Plaintiff made the

8   statement indicate that the ALJ took the statement out of context from the

9   treatment session itself. The statement was made to staff at Kadlec Chronic Pain

10  Center at a June 7, 2021 visit. It was noted that when asked her medical history

11  and what activities or actions worsened or lessened her symptoms, Plaintiff

12  reported that jogging and doing dishes worsened her symptoms and that TENS

13  units, ice, pain medication and muscle relaxers alleviated symptoms.[46] The

14  statement is vague and provides no insight as to when Plaintiff was jogging, but

15  only indicates that doing so is one of two actions which historically increased her

16  pain. Moreover, the physical examination performed on that date indicated that

17

18  [44] AR 479.

19  [45] *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do more

20  than state conclusions.  He must set forth his own interpretations and explain why

21  they, rather than the doctors' [opinions] are correct.").

22  [46] AR 473.

23

Plaintiff was positive for arthralgias, back pain, myalgias, neck pain and neck stiffness; that there was tenderness over the left knee and that Plaintiff was wearing a knee brace; and that Plaintiff's gait was mildly antalgic.[47] Given the fact that Plaintiff was using a knee brace and had an antalgic gait on that date that the statement was made, it is not reasonable to interpret her statement that jogging increased her pain to be a statement that she was presently jogging. While the ALJ did not misstate Plaintiff's statement, she took it out of context. Context is crucial as "treatment records must be viewed in light of the overall diagnostic record."[48] An ALJ may not cherry pick evidence to support a conclusion while ignoring other competent evidence in the record.[49] The ALJ did so in this matter.

Second, the ALJ's reasoning that ARNP Benton's opinions are not persuasive because they are inconsistent with the opinions of the medical expert, Dr. Gaeta, is also flawed. The ALJ did not articulate her reasoning in finding Dr. Gaeta's opinion that Plaintiff was capable of performing a full range of light work to be consistent with the longitudinal record, but rather the ALJ made a

---

[47] AR 476-477.

[48] *Ghanim v Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

[49] *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (cleaned up) ("Although it is within the power of the Secretary to make findings concerning the credibility of a witness …, he cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result.").

1   cursory statement that Dr. Gaeta's opinion was consistent with the record as a

2   whole as well as Plaintiff's recent admission that she had been jogging.[50] Finally,

3   the ALJ failed to consider that ARNP Benton was an examining source who had an

4   opportunity to personally examine Plaintiff.[51]  The ALJ failed to consider that,

5   while Dr. Gaeta reviewed the medical record, ARNP Benton had the ability to

6   examine Plaintiff and make her own clinical findings and that Dr. Benton

7   specifically referenced the objective medical tests such as MRI reports, while

8   Dr. Gaeta did not do so and appeared unaware of them.

9   **B.     RFC: The ALJ erred.**

10      Plaintiff argues the ALJ failed to properly include all of her limitations into

11  the RFC and the hypothetical presented to the vocational expert. This argument

12  depends on her contentions that the ALJ erred in evaluating the medical opinions

13  described above. As explained above, Plaintiff met her burden in showing that the

14  ALJ erred in analyzing the medical opinions,[52] and this error is consequential

15  because the limitations to which ARNP Benton opined would place Plaintiff in the

16  category of working at the sedentary level of exertion. Based upon Plaintiff's age,

---

[50] AR 32.

[51] 20 C.F.R. § 404.1520c.

[52] *See Magallanes v. Bowen*, 881 F.2d 747, 756 (An ALJ is to consider the treating

relationship and the familiarity of the provider with the claimant and her

symptoms.).

1  education, and work history, Plaintiff is considered disabled per the Medical-

2  Vocational Guidelines.  The Court concludes that ARNP Benton's opinions were

3  supported by her own findings and consistent with the record as a whole and

4  should have been found persuasive.

5  ### IV.    Conclusion

6  Remand for further administrative proceedings is the usual course when a

7  harmful error occurs in the administrative proceeding, except in rare

8  circumstances.[53] This is a rare circumstance where an award of benefits is

9  appropriate.

10  First, the ALJ failed to provide legally sufficient reasons for rejecting the

11  opinions of ARNP Benton.

12  Second, further administrative proceedings will offer not benefit—the record

13  is fully developed.[54]    "Allowing the Commissioner to decide the issue again would

14  create an unfair 'heads we win; tails, let's play again' system of disability benefits

15  adjudication."[55]

16

17

18

19  [53] *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)

20  (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

21  [54] *See id.*

22  [55] *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

23

1    Third, when ARNP Benton's opinions are fully credited, the Medical and

2  Vocational Guidelines require a finding that Plaintiff is disabled.[56] Plaintiff is

3  unable to sustain fulltime work.

4    An award of benefits is warranted

5    Accordingly, **IT IS HEREBY ORDERED**:

6    1.    The ALJ's nondisability decision is **REVERSED**, and this matter is

7        **REMANDED** to the Commissioner of Social Security for a calculation

8        of benefits pursuant to sentence four of 42 U.S.C. § 405(g).

9    2.    The Clerk's Office shall **TERM** the parties' briefs, **ECF Nos. 7 and**

10        **11**, enter **JUDGMENT** in favor of **Plaintiff**, and **CLOSE** the case.

11    IT IS SO ORDERED. The Clerk's Office is directed to file this order and

12  provide copies to all counsel.

13    DATED this 28th day of September, 2023.

14    _____
EDWARD F. SHEA

15    EDWARD F. SHEA
Senior United States District Judge

16

17

18

19

20

21

22

[56] 20 C.F.R. § 404, Part 220, Appendix 2

23

DISPOSITIVE ORDER - 18